


NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **MARTHA WRIGHT, ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 00-0293 (GK)** |
| | § | |
| **CORRECTIONS CORPORATION OF AMERICA, ET AL.,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER AND MEMORANDUM IN SUPPORT**

Defendants, Corrections Corporation of America ("CCA"), Evercom Systems, Inc. ("Evercom"), MCI WorldCom Communications, Inc. ("MCI WorldCom"), and Pioneer Telephone Cooperative, Inc. ("Pioneer") submit this Response to Plaintiffs' Motion to Reconsider and Memorandum in Support. Defendants respectfully urge the Court to deny the Motion to Reconsider for the following reasons:

1. The Court's August 22, 2001 Order quite properly dismissed the case without prejudice, referring the case to the FCC under the doctrine of primary jurisdiction. While the FCC is considering the issues raised by the Plaintiffs among others, there is no reason for this case to remain pending on this Court's docket.

2. From the initial filing of motions to dismiss on primary jurisdiction grounds through the argument before the Court, the Defendants always have sought dismissal of the case on this ground. Plaintiffs have never objected to the relief sought by the Defendants. Plaintiffs have filed briefs concerning primary jurisdiction but Plaintiffs never have voiced a preference for a

99

stay rather than dismissal if the motions were granted. Because Plaintiffs did not object to dismissal in a timely fashion, they should not now be heard to complain that the Court granted the relief sought without objection from them.

3. The belated raising of the statute of limitations as a ground for stay rather than dismissal is meritless, because:

A. Plaintiffs have sought class certification under Rule 23(b)(2). Certification under this subsection is permissible only if injunctive relief is the predominant remedy sought and any monetary relief is merely incidental to the primary injunctive relief claim. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998); *Nelsen v. King County*, 895 F.2d 1248, 1255 (9th Cir. 1990); *O'Connor v. Boeing North Am., Inc.*, 180 F.R.D. 359, 377-378 (C.D. Cal. 1997); *Burke v. Local 710 Pension Plan, No. 98C3723*, 2000 U.S. Dist. LEXIS 5875 (N.D. Ill. Mar. 27, 2000); *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51 (N.D. Ill. 1996); *see* Advisory Committee Notes to Fed. R. Civ. P. 23(b)(2) (Rule 23(b)(2) is not applicable to cases where appropriate final relief relates predominantly to money damages). The statute of limitations does not affect the claim for injunctive relief.

B. Statute of limitations is not a relevant issue with respect to prospective relief. Moreover, the filing of a complaint with the FCC will toll the two-year statute of limitations as to damages for violations of the Communications Act. *See* 47 U.S.C. § 415. The filed rate doctrine is an absolute bar to any claim for damages during almost all of this two-year period because all of the carrier defendants provided service under tariff until this summer, when the FCC's policy to detariff (but not deregulate) common carrier services went into effect. Any

claim for damages not precluded by the filed rate doctrine would therefore arise well within the limitations period.

C. Plaintiffs' damage claim is highly hypothetical at best. Decisions made in other courts affecting CCA facilities will affect damage claims, and the circumstances of individual class members will bar or otherwise affect damage claims. Plaintiffs' motion also is deficient in that Plaintiffs furnish the Court with no information regarding the composition of the class, how many would be affected by a statute of limitations bar, what portion of damages could be affected or any of the numerous related issues. Plaintiffs make no mention of the tolling provided by the Communications Act as well.

4. It is common practice for cases to be dismissed on primary jurisdiction grounds rather than stayed. Defendants have cited the Court in their briefs to numerous cases invoking the primary jurisdiction doctrine. In all of those decisions, the court dismissed the case as this Court has done.

For the reasons stated, it is prayed respectfully that Plaintiffs' Motion to Reconsider be denied.

DATED, this 18th of September, 2001.

As Liaison Counsel for the Moving Defendants:

By: Frank R. Volpe

Daniel P. Struck
Rachel Love
JONES, SKELTON & HOCHULI
2901 North Central Ave., Suite 800
Phoenix, AZ 85012

Mark D. Hopson
Frank R. Volpe
SIDLEY AUSTIN BROWN & WOOD
1501 K Street, N.W., Suite 600
Washington, D.C. 20005

*Counsel for Corrections Corporation of America*

Jay M. Vogelson
STUTZMAN & BROMBERG
2323 Bryan Street, Suite 2200
Dallas, TX 75201

Anthony J. Trenga
MILLER & CHEVALIER
Metropolitan Square
655 15th Street, N.W. Suite 900
Washington, D.C. 20005-5701

*Counsel for Evercom Systems, Inc.*

Adam H. Charnes
MCI WORLDCOM
1133 19th Street, N.W.
Washington, D.C. 20036

Anthony C. Epstein
Maury D. Shenk
Brian J. Telpner
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

*Counsel for MCI WorldCom Communications, Inc.*

Harold Logsdon
PIONEER TELEPHONE
COOPERATIVE, INC.
P.O. Box 539
Kingfisher, OK 73750

David Cosson
Stephen G. Kraskin
KRASKIN, LESSE & COSSON, LLP
2120 L Street, N.W., Suite 520
Washington, D.C. 20037

Vaughn W. Royal
Chevy Chase Pavilion, Suite 960
5335 Wisconsin Avenue, N.W.
Washington, D.C. 20015-2030

*Counsel for Pioneer Telephone Cooperative, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was served on the following counsel of record listed on the attached Service List in accordance with FED. R. CIV. P. 5, this 18th day of September, 2001.

Frank R. Volpe
Frank R. Volpe

SERVICE LIST

Michael L. Burack
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, D.C. 20037

Counsel for Global Telecommunications Link

Linda Bray Chanow
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, D.C. 20037

Counsel for Global Telecommunications Link

Daniel P. Struck
Jones, Skelton & Hochull
2901 N. Central, Suite 800
Phoenix, AZ 85012

*Counsel for Corrections Corporation of America*

Anthony J. Trenga
Miller & Chevalier
Metropolitan Square
655 15th Street, N.W. Suite 900
Washington, D.C. 20005-5701

*Counsel for Evercom Systems, Inc.*

Harold Logsdon
Pioneer Telephone Cooperative, Inc.
P.O. Box 539
Kingfisher, OK 73750

Counsel for Pioneer Telephone Cooperative, Inc.

Jonathan J. Frankel
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, D.C. 20037

Counsel for Global Telecommunications Link

Frank R. Volpe
Sidley Austin Brown & Wood
1501 K Street, N.W., Suite 600
Washington, D.C. 20005

*Counsel for Corrections Corporation of America*

Jay M. Vogelson
Stutzman & Bromberg
2323 Bryan Street, Suite 2200
Dallas, TX 75201

*Counsel for Evercom Systems, Inc.*

Janet Wehrenberg
Pioneer Telephone Cooperative, Inc.
P.O. Box 539
Kingfisher, OK 73750

Counsel for Pioneer Telephone Cooperative, Inc.

David Cosson
Stephen G. Kraskin
Kraskin, Lesse & Cosson, LLP
2120 L Street, N.W., Suite 520
Washington, D.C. 20037

Counsel for Pioneer Telephone Cooperative, Inc.

Vaughn W. Royal
Chevy Chase Pavilion, Suite 960
5335 Wisconsin Avenue, N.W.
Washington, D.C. 20015-2030

Counsel for Pioneer Telephone Cooperative, Inc.

Adam H. Charnes
MCI WorldCom
1133 19th Street, N.W.
Washington, D.C. 20036

*Counsel for Microwave Communications, Inc. – Worldcom Communications*

Anthony C. Epstein
Maury D. Shenk
Brian J. Telpner
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Counsel for Microwave Communications, Inc. – Worldcom Communications

Charles H.R. Peters
Lisa A. Brown
Schiff, Hardin & Waite
6600 Sears Tower
Chicago, IL 60606

Counsel for American Telephone & Telegraph

Lois J. Lipton
AT&T Law & Government Affairs
222 W. Adams St., Suite 1500
Chicago, IL 60606

*Counsel for American Telephone & Telegraph*

Robert J. Higgins
Steven J. Roman
Susan A. Littell
Dickstein, Shapiro, Morin & Oshinsky, LLP
2101 L Street, N.W.
Washington, D.C. 20037-1526

*Counsel for American Telephone & Telegraph*

Eric R. Lotke
Marie-Ann Sennett
D.C. Prisoners' Legal Services Project, Inc.
1400 20th St., N.W. Suite 117
Washington, D.C. 20036

Counsel for Plaintiff

Michael E. Deutsch
1180 North Milwaukee Avenue
Chicago, IL 60622

Counsel for Plaintiff

Stephen G. Seliger
Laurie S. Elkin
Patrick D. Dolan
Seliger, Elkin & Dolan, Ltd.
155 North Michigan Avenue, Suite 500
Chicago, IL 60601

Counsel for Plaintiff

Barbara J. Olshansky
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012

Counsel for Plaintiff

Jan Susler
John Stainthorp
People's Law Office
1180 North Milwaukee Avenue
Chicago, IL 60622

Counsel for Plaintiff

James Bradtke
Soule & Bradtke
155 North Michigan Avenue, Suite 500
Chicago, IL 60601

Counsel for Plaintiff

