IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



FILED
SEP 28 2001
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MARTHA WRIGHT *et al.*, )
)
*Plaintiffs*, )
)  Civil Action No.:
v. )  1:00CV00293 (GK)
)
CORRECTIONS CORPORATION OF )
AMERICA *et al.*, )
)
*Defendants* )
)

### PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER AND TO DEFENDANTS' PIONEER AND GLOBAL'S RENWAL OF THEIR MOTIONS TO DISMISS

Plaintiffs have moved this Court to reconsider its decision of August 22, 2001 to dismiss without prejudice and to stay the proceeding rather than dismiss as they will be prejudiced by the Statute of Limitations while the matter is pending in the Federal Communications Commission (FCC). In further support of that motion plaintiffs state:

1. It has been clear in this circuit since 1981 that an involuntary dismissal without prejudice does not toll the statute of limitations and that the statute of limitations is not tolled during the dependency of the dismissed case. Dupree v. Jefferson, 666 F.2d 606 (D.C. Cir. 1981) Without a stay, the statute of limitations will run on plaintiffs' claims for damages causing them prejudice. Defendants' arguments do not negate this very basic fact nor do they deny this basic fact. Nor, as Defendants know, are Plaintiffs precluded from asking for a stay upon reconsideration because it was not raised in their opposition to the Motions to Dismiss.

103/104

2. Plaintiffs filed claims for damages for violations of their constitutional rights, the Sherman Act, the Communications Act, and various claims under the laws of the District of Columbia. Defendants want to pretend this case is merely a rates case and claim that there is no issue regarding prospective relief. The statute relied upon by the Defendants does not clearly state that it tolls an action under the Communications Act. Even if true, the statute of limitations will likely run on the remaining claims, therefore, causing prejudice to the plaintiffs and the plaintiff class.

3. Defendants misstate the status of class certification in this matter. The complaint alleges that the class meets both Rule 23 (b) (2) and (b) (3) class qualifications. Defendants insisted that Plaintiffs not take discovery on class certification until after the Motions to Dismiss were decided. No motion for certification has been filed, nor have the Defendants allowed Plaintiffs to begin to define the shape and size of the class. They cannot now complain that there is no evidence regarding the class before the Court or that the selection of class precludes a stay.

4. Defendant Global argues erroneously that Plaintiffs do not dispute that all their claims come under the jurisdiction of the FCC. Our Memorandum in Opposition clearly argued the opposite. Both Defendants Global and Pioneer request the Court decide their jurisdictional motions if a stay is ordered. The admit that they would be part of the FCC proceedings in the interim and allege no prejudice if the Motions are not decided. These motions should be decided when the case comes back to the Court after the FCC has finished its proceeding.

For the reasons stated, it is respectfully requested that Plaintiffs' Motion for Reconsideration be granted.

Respectfully submitted,

*[signature]*

Marie-Ann Sennett (D.C. Bar #462200)
D.C. Prisoners Legal Services Project, Inc.
1400 20th Street, N.W. Suite 117
Washington, D.C. 20036
(202) 775-0323

*[signature]*

Stephen G. Seliger (Ill. Bar No. 2547074)
Seliger, Elkin & Dolan, Ltd.
155 North Michigan Avenue, Suite 500
Chicago, IL 60601
(312) 616-4244

Dated: September 28, 2001

## CERTIFICATE OF SERVICE

I, Marie-Ann Sennett, hereby certify that the Plaintiffs' Reply To Defendants' Response To Plaintiffs' Motion To Reconsider And To Defendants' Pioneer And Global's Renewal Of Their Motions To Dismiss and Order, and Notice of Appearance was mailed on this 28th day of September, 2001 by first Class mail, prepaid upon:

Michael E. Deutsch
(New York Bar # MED 1644)
Jan Susler
John Stainthorp
(Illinois Bar #3128243)
People's Law Office
1180 North Milwaukee Avenue
Chicago, IL 60622
(773) 235-0070

Stephen G. Seliger
(Illinois Bar #2547074)
Laurie S. Elkin
Patrick D. Dolan
Seliger, Elkin & Dolan, Ltd.
155 North Michigan Avenue
Suite 500
Chicago, IL 60601
(312) 616-4244

Barbara J. Olshansky
(New York Bar # BO3635)
Center for Constitutional Rights
666 Broadway, 7th Floor
New York, NY 10012
(212) 614-6464 x 439

James Bradtke
Soule & Bradtke
155 North Michigan Avenue
Suite 500
Chicago, Illinois 60601
(312) 616-4422

Charles H. R. Peters
Schiff, Harden & White
6600 Sears Tower
Chicago, IL 60606
(312) 258-5683

Jonathan J. Frankel
Michael L. Burack
Wilmer, Cutler, & Pickering
2445 M. Street, N.W.
Washington, DC 20037-1420
(202)663-6113

Frank R. Volpe, Esq
Sidely & Austin
1722 Eye Street, N.W.
Washington, DC 20006
(202) 736-8366

Daniel P. Struck, Esq.
Jones, Skelton & Hochuli
2901 North Central Avenue, Suite 800
Phoenix, AZ 85012
(602) 263-7323

Jay M. Vogelson
Stutzman & Bromberg
2323 Bryan Street, Suite 2200
Dallas, TX 75201
(214) 969-4904

Harold Logsdon, General Counsel
Pioneer Telephone Cooperative
108 E. Robberts Street (or P.O. Box 539)
King Ficher, OK 73750
(405) 375-4111

Adam H. Charnes
MCI Worldcom
Senior Litigation Counsel
1133 19th Street, NW
Washington, DC 20036
(202) 736-6093

Anthony J. Trenga  
Miller & Chevalier  
Metropolitian Square  
655 15th Street, N.W. Suite 900  
Washington, DC 20005-5701  

David Cosson, Esq.  
Kraskin, Lesse & Cosson, LLP  
2120 L Street, N.W. 520  
Washington, DC 20036  
(202) 296-8890  

Robert J. Higgins  
DICKSTEIN, SHAPIRO, MORIN & OSHINSKY  
2101 L. Street, N.W.  
Washington, DC 20037-1526  
(202) 785-9700  

Vaughn Royal, Esq.  
Chevy Chase Pavilion, #960  
5335 Wisconsin Ave, N.W.  
Washington, DC 20015  

Dated: September 28, 2001

Marie-Ann Sennett