UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARTHA WRIGHT, *et al.*,                  :
                                          :
                    Plaintiffs,           :
                                          :
          v.                              :          Civil Action No. 00-293 (GK)
                                          :
CORRECTIONS CORPORATION                   :
OF AMERICA, *et al.*,                     :
                                          :
                    Defendants.           :

MEMORANDUM ORDER

On October 27, 2014, Plaintiffs have filed a Motion to Reopen and Lift Stay Temporarily [Dkt. No. 139]. All Defendants oppose the Motion. See Securus Technologies, Inc.'s Response [Dkt. No. 151], Corrections Corporation of America's Response [Dkt. No. 252], AT&T Corporation's Response [Dkt. No. 153], and Corrections Corporation of America and Securus Technologies, Inc.'s Joinder in Responses [Dkt. No. 160]. Plaintiffs filed a Reply [Dkt. No. 161]. Upon full consideration of all the pleadings, the Court concludes, for the reasons stated herein, that the Motion shall be **granted**.[1]

---

[1] On February 13, 2015, Plaintiffs filed a Motion to Transfer pursuant to 28 U.S.C. § 1404(a). Briefing on that Motion has just been completed and is ongoing.

## I.     BACKGROUND

On February 16, 2000, Plaintiffs filed this putative class action on behalf of inmates incarcerated at prison facilities operated by Corrections Corporation of America ("CCA"). Plaintiffs challenge what they deem to be the excessive and unreasonable charges of Defendants for Inmates Calling Services ("ICS") [Dkt. No. 1]. In 2000, the Defendants moved to dismiss the Complaint on the ground that the Federal Communication Commission ("FCC") had primary jurisdiction over Plaintiffs' claims [Dkt. Nos. 19, 22, 25]. After all briefing was concluded, the Court ruled that "the FCC was clearly in the best position to resolve the core issues in this case, namely, the reasonableness of the rates charged and the feasibility of alternative telephone arrangements in CCA facilities." Mem. Op. at 10-11 [Dkt. No. 94]. Upon Plaintiffs' Motion for Reconsideration [Dkt. No. 98], the Court entered an Order staying the case [Dkt. No. 105]. The Court also ordered Plaintiff to file Status Reports on May 1, 2002, November 1, 2002, and December 1, 2003.

In the meantime, the FCC was investigating the issue and ultimately, on September 26, 2013, issued its Report and Order and Further Notice of Proposed Rulemaking ("Inmate Rate Order"). 78 Fed. Reg. 6795, FCC 13-113, Rates for Interstate Inmates Calling Services, WC Docket No. 12-375 (2013). GTL, Securus Technologies, Inc. ("Securus"), a Defendant in this lawsuit under its former name Evercom, and others filed Petitions for Review of the FCC's Inmate Rate Order in the United States Court of Appeals for the District of Columbia. Briefing in the Court of Appeals was completed on December 14, 2014; oral argument was scheduled for February 6, 2015; and on December 16, 2014, the Court of Appeals stayed the appeal with no explanation.

During the period from 2003 to 2013, Plaintiffs and Defendants were litigating before the FCC, which culminated in the FCC's issuance of its 2013 Inmate Rate Order on September 26, 2013, as noted above.

## II.   PLAINTIFFS' REQUESTS FOR REOPENING THE CASE AND TEMPORARILY LIFTING THE STAY

Plaintiffs requested that the Court reopen this case and lift the stay on a temporary basis (1) so that they could amend their Complaint to preserve their rights and to revise their allegations and claims in light of new factual and legal developments; (2) Plaintiffs indicated that, because the status of several putative class representatives had changed, they "may wish to add new class representatives or to remove class representatives who have died or are unwilling or unable to actively participate in this case; and (3) that they needed to "modify their allegations for claims against the existing Defendants to account for new factual and legal developments." Plaintiffs also seek to reopen the case so that they may take preservation depositions under Rule 32 of the Federal Rules of Civil Procedure, and so they may bring in new counsel to assist present counsel, the Washington Lawyers' Committee, in handling this complex lawsuit. Mot. at 6-8.

## III.   DEFENDANTS' OPPOSITION TO THE MOTION

Defendants spent many more pages than necessary raising their objections to the Motion. The Court will address them one by one.

1.     Defendants argue vigorously that this case should not be reopened because it was administratively closed on January 31, 2005. That is wrong. As already noted, the Court referred the case to the FCC, stayed the case, and set deadlines for Status Reports by the Plaintiffs. The case, therefore, has remained open all these past 10 years.

It is true that on January 31, 2005, there was an ECF entry that the case had been "administratively closed." That entry was a mistake made by the Clerk's Office and was not brought to the Court's attention for a long period of time after its entry.

Even if it had been "administratively closed," "an administrative closure has no effect other than to remove a case from the Court's active docket and permit the transfer of records associated with the case to an appropriate storage facility." Lehman v. Revolution Portfolio, L.L.C., 166 F.3d 389, 392 (1st Cir. 1999). Moreover, the mere designation of a case as "closed" "does not prevent the Court from reactivating it either of its own accord or at the request of the parties." Florida Ass'n for Retarded Citizens, Inc. v. Bush, 246 F.3d 1296, 1298 (11th Cir. 2001).

In sum, the Court stayed the case, but never dismissed or closed it.

2.     CCA argued vigorously that Plaintiffs simply abandoned this litigation once it had been referred to the FCC, and in doing so, waived their claims for damages. Nothing could be further from the truth. This case was stayed. Therefore, there was nothing for Plaintiffs to litigate in this case until the stay was lifted -- which no party ever moved to have done until the filing of the present Motion. What Plaintiffs were doing, however, was participating very actively in the deliberations of the FCC during those 13 long years.[2] For example, Plaintiffs filed two separate petitions with the FCC for Rulemaking,[3] and submitted dozens of other filings in several

---

[2] The Court did order Plaintiffs to file three separate Status Reports, which they did, albeit the last one was very late. However, the Court failed to follow its usual practice of ordering regular Status Reports and therefore Plaintiffs were not obligated to file such reports.

[3] Implementation of the Pay Telephone Reclassification and Compensation Provisions of the Telecommunications Act of 1996, Petition of Martha Wright, et al. for Rulemaking or, in the Alternative, Petition to Address Referral Issues in Pending Rulemaking, CC Docket No. 96-128 at 3 (filed Nov. 3, 2003); Implementation of the Pay Telephone Reclassification and Compensation continue...

administrative dockets, including one as recently as December 16, 2014.[4]  At one point, Plaintiffs filed complaints with the FCC's Enforcement Bureau.

Obviously, all of these efforts conflict with Defendants' allegations that Plaintiffs had abandoned their interest and/or participation in this litigation.  Rather, they were using the referral to obtain a fair and appropriate Rule for their clients.

Finally, even if the Court had dismissed this case (which it did not), "the law of this Circuit partakes of the general view that dismissal is an extensively harsh sanction and may be reversed when discretion is abused." Trakas v.  Quality Brands, Inc., 759 F.2d 185, 186 (D.C. Cir. 1985). There was no abuse of that discretion in entering the stay so that an administrative agency with expertise and experience could fashion a fair and appropriate Rule.

3.      Defendants also claim that they will be clearly prejudiced by the Motions to Amend that Plaintiffs have said they will file if and when the stay is lifted.  That argument is both speculative and premature.  While the Plaintiffs have outlined in a very vague fashion what they will seek in their motion to amend, there will be no precise certainty about their new claims until those Motions are actually filed.  What is more, at that time, Defendants will have an adequate opportunity to challenge the substance of any such motions and make their claims of prejudice.

4.      Finally, it must be remembered that the Court granted Defendants' Motion to Refer, over the Plaintiffs' objections that they would be clearly prejudiced by such a referral.  Now,

---

[3] ...continue
Provisions of the Telecommunications Act of 1996, Petitioners' Alternative Rulemaking Proposal, CC Docket No.  96-128 (filed Mar.  1, 2007).

[4]  FCC, Electronic Comment Filing System, available at http://tinyurl.com/lxjs5f3 (last visited December 16, 2014) (listing 93 separate filings by the Wright Petitioners in the FCC).

Plaintiffs would be the ones to be clearly prejudiced if they were not even allowed to file motions requesting permission to file an amended complaint. The Court will make the ultimate decision as to whether such Motions may be filed or not.

For all these reasons, it is this _30th_ day of _April_ 2015, hereby

**ORDERED**, that Plaintiffs' Motion is **granted**; and it is further

**ORDERED**, that Plaintiffs shall file their Motion to Amend **no later than May 15, 2015**.

_G ladys Kessler_
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**